UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DAVID M. McGOVERN, individually and in his capacity as President of Local 1703 of the International Association of Firefighters, AFL-CIO, and LOCAL 1703 OF THE INTERNATIONAL ASSOCIATION OF FIREFIGHTERS, AFL-CIO<br>*Plaintiffs,*<br><br>vs.<br><br>WILLIAM S. BAILEY, III, individually and in his capacity as Chief of the Tiverton Fire Department, CHRISTOPHER COTTA, individually and in his capacity as Town Administrator of the Town of Tiverton, and, the TOWN OF TIVERTON, by and through its Treasurer, Denise G. Saurette.<br>*Defendants* | C.A. No. 1:24-cv-00199-MSM-AEM |

## JOINT CONFIDENTIALITY AND PROTECTIVE ORDER

WHEREAS, the Parties' responses to discovery may involve the disclosure of certain confidential information under generally applicable notions of privacy and confidentiality.

WHEREAS, the Parties are aware that documents and data that will be exchanged during this discovery process will be voluminous;

WHEREAS, the Parties are aware that some material will need to be protected from disclosure under generally applicable notions of privacy, confidentiality.

WHEREAS, the Parties wish to protect the confidentiality of said information and limit disclosure of the aforementioned information and hereby stipulate to and petition the Court to enter the following Confidentiality and Protective Order;

NOW, THEREFORE, IT IS HEREBY AGREED by the Parties as follows:

1. The use of any Confidential Materials exchanged in discovery is limited to use in the

instant action and any related cases hereinafter filed, subject to the right of any person who is a not a party to the instant case having the right to be heard as the terms of this order. Every document that the producing party believes to contain Confidential Materials shall be labeled as "CONFIDENTIAL".

2. Counsel may not provide a copy of any document designated as Confidential Material to anyone, other than a Party, the Court or counsel for other parties in this matter and legal staff, experts, third party vendors such as copiers or stenographers. Counsel shall provide a copy of this Order to the permitted disclosees who shall be bound by its terms and conditions. In addition, Plaintiffs, Plaintiffs' counsel, Defendants, Defendants' counsel, and the permitted disclosees shall be prohibited from disclosing the contents of any "Confidential" document to anyone other than permitted disclosees or a witness at a deposition.

3. If Counsel provides a copy of any document designated as Confidential Material to a Party, and if such Confidential Material contains information protected by FERPA, Counsel shall inform Counsel for the Town of Tiverton so that Counsel for the Town of Tiverton can comply with any requirements of FERPA before said material is shared with a Party.

4. If a person inadvertently produces any information that it deems to be "Confidential Information" without designating it as "Confidential," or inadvertently produces any material protected under federal or state law, that person shall promptly, upon discovery of the failure to designate, inform all counsel in writing and the counsel and parties shall thereafter treat the information as "Confidential" or protected under this Order. To the extent such information was disclosed to persons other than authorized persons described

    in this Order, the parties who made such disclosure shall make every reasonable effort to retrieve the information promptly from such persons and to avoid any further disclosure to nonauthorized persons.

5. If the recipient of such inadvertent confidential material discovers that it has received confidential or protected information, it shall promptly notify the sending party and destroy or return the material. That information shall not thereafter be used in litigation unless the confidentiality or protection is lifted by the Court.

6. All documents labeled Confidential as set forth herein, if used in pleadings, shall be filed as "Confidential" with the Court in accordance with Article X, Rule 8(b)(4), and a redacted copy filed pursuant to Article X, Rule 8(b)(2). If it is necessary to refer to students or former students, those references shall be by initials only. The unredacted copy will not be released publicly and is subject to this confidentiality order.

7. Within 20 days of the final disposition of this action, any party who has been provided with Confidential or protected information, documents, data, etc. shall return it to the producing party, and shall not keep any copies, whether hard copies or digital copies, of the information. The foregoing does not restrict counsel from securely retaining his or file.

DATED: 7/23/2025

***So Order,***

Date: 7/23/2025

                                              /s/ Mary S. McElroy
                                              Mary S. McElroy
                                              United States Magistrate Judge

*McGovern v. Tiverton, et al.*
*C.A. No. 1:24-cv-00199-MSM-AEM*

AGREED AS TO FORM AND CONTENT:

Defendants,
By their Attorney,

*/s/ Marc DeSisto*
Marc DeSisto, Esq. (#2757)
DeSisto Law LLC
4 Richmond Square, Suite 500
Providence, RI 02906
(401) 272-4442
marc@desistolaw.com

Plaintiffs,
By their Attorney,

*/s/ Edward C. Roy, Jr.*
Edward C. Roy, Jr., Esq. (#3029)
577 Tiogue Avenue, 2nd Floor
Coventry, RI 02816
(401) 823-0488
Edward_Roy@hotmail.com


Date: July 22, 2025